UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>                              Plaintiff,<br><br>v.<br><br>FRANCISCO SANCHEZ, in his Individual and Official Capacity as Hearing Officer, Superior Court of California; EMILY BRAY, in her individual capacity,<br><br>                              Defendants. | Case No.:  3:25-cv-1548-CAB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO DISMISS [Doc. Nos. 14, 17];**<br><br>**(2) DENYING VARIOUS MOTIONS [Doc. Nos. 20, 21, 27, 28, 29, 34, 35, 39]** |

On June 17, 2025, Plaintiff Marian Anthony filed a complaint against Defendants Franciso Sanchez and Emily Bray, alleging Section 1983 and civil RICO conspiracy claims. [Doc. No. 1.] The Court dismissed with leave to amend. [Doc. No. 5.] On July 9, 2025, Plaintiff filed an amended complaint. [Doc. No. 7 ("FAC").] Defendants Sanchez and Bray filed separate motions to dismiss. [Doc. Nos. 14, 17.] Plaintiff has since filed eight motions, including motions for preliminary injunction, to amend, to strike, and to sanction. [Doc. Nos. 20, 21, 27, 28, 29, 34, 35, 39.] For the reasons below, the Court **GRANTS** the motions to dismiss and **DENIES** Plaintiff's various motions.

///

## I. BACKGROUND

This action stems from a child custody proceeding in state court. Defendant Sanchez is a Judge of the Superior Court of California, who Plaintiff alleges is supporting fraud by Corina Galvez. [Doc. No. 17-1 at 7; FAC ¶ 6.] It appears Galvez is Plaintiff's ex-wife or partner. [*Id.* at ¶ 9.] Defendant Sanchez allegedly suppressed police misconduct, threatened Plaintiff, and engaged in ex parte communication. [*Id.* at ¶ 10.] Defendant Bray is an attorney representing Galvez in the state proceedings. [*Id.* at ¶ 7.] Plaintiff alleges that Defendant Bray filed a false affidavit. [*Id.* at ¶ 11.]

Plaintiff brings (1) a Section 1983 claim alleging that Defendants violated due process, the Seventh Amendment, and Plaintiff's "parental rights"; (2) RICO conspiracy claims for mail fraud, false affidavit, and suppression; and (3) a claim for fraud upon the court. [*Id.* at 4–5.] He seeks an injunction staying state proceedings, a declaratory judgment voiding state orders, and damages. [*Id.* at 6.] Defendants argue that the complaint is entirely conclusory, fails to remedy the defects found in the initial complaint, and should be dismissed for failure to state a claim and/or lack of subject matter jurisdiction.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) permits a party to move to dismiss based on the court's lack of subject-matter jurisdiction. The federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). The party asserting jurisdiction, here Plaintiff, has the burden of establishing that the court has subject-matter jurisdiction. *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). As such, the court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). A defense of lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

///

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss based on a "failure to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] . . . more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (internal quotation marks omitted). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the nonmoving party, here Plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Moreover, as Plaintiff proceeds pro se, the Court construes his complaint liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### III. DISCUSSION

#### A. Motions to Dismiss

Plaintiff alleges various issues with how Defendant Sanchez conducted a hearing on June 4, 2025, including suppressing evidence, ex parte communications, and "dismiss[ing] diversity issues[.]" [FAC at 3–4.] He also opposes Defendant Sanchez's denial of

Plaintiff's request for a stay in the state proceedings. [*Id.* at 4.] Defendant Sanchez argues that he has absolute judicial immunity, and that Plaintiff's claims against him are barred, *inter alia*, by *Rooker-Feldman* and the Anti-Injunction Act. The Court agrees.

"Judges . . . are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is flawed by the commission of grave procedural errors." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2022) (internal citation and quotation marks omitted). Despite suing Defendant Sanchez in his individual capacity, Plaintiff seeks damages for actions Defendant Sanchez took in his official capacity as a judge. [FAC at 4–5.] Plaintiff states that "Sanchez's non-judicial acts . . . negate immunity[,]" but he does not allege any non-judicial acts. [*Id.* at 5.] Accordingly, the Court finds Defendant Sanchez is immune to any damages liability.

Plaintiff also seeks an injunction staying the state court proceedings and declaratory judgment "voiding state orders." [*Id.* at 6.] "[T]he *Rooker-Feldman* doctrine bars direct federal district court appellate review of state court judicial proceedings." *S. California Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002). "If claims raised in the federal court action are inextricably intertwined with the state court's decisions such that the adjudication of the federal claims would undercut the state ruling . . . then the federal complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Additionally, the Anti-Injunction Act prohibits this Court from enjoining ongoing state court proceedings with limited exceptions, none of which apply here. *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970). As Plaintiff seeks to void state court decisions and stay state court proceedings, the Court dismisses his claims against Defendant Sanchez for lack of subject matter jurisdiction and denies Plaintiff's motion for preliminary injunction.

Plaintiff's claims against Defendant Bray are also dismissed for failure to state a claim. Plaintiff merely alleges that Defendant Bray filed a false and inaccurate affidavit with no further explanation. [FAC at 4.] His claims are entirely conclusory. *See Daniels-Hall*, 629 F.3d at 998. Moreover, Defendant Bray, as a lawyer in private practice, does not act under the color of state law when representing a party in court proceedings. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). A Section 1983 claim against her, therefore, is not possible. Accordingly, the Court **GRANTS** the motions to dismiss, [Doc. Nos. 14, 17], and **DENIES** Plaintiff's motion for preliminary injunction. [Doc. No. 34.] The Court notes that Plaintiff's motion for preliminary injunction was previously denied *without leave to amend*. [Doc. No. 5 at 2.] Plaintiff may be subject to sanctions if he continues to file frivolous motions.

### B. Motions to Strike

Plaintiff filed two motions to strike portions of Defendant Sanchez's motion to dismiss. [Doc. Nos. 20, 29.] Plaintiff takes issue with Defendant Sanchez noting that he had trouble understanding Plaintiff's complaint, and his argument that Plaintiff's claims are defective. A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). None of Defendant Sanchez's submissions qualify as such. The motions to strike are **DENIED**.

### C. Motions for Leave to Amend Complaint and File Sur-reply

Plaintiff seeks to file a second amended complaint and sur-reply. [Doc. Nos. 21, 27, 28.] "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Plaintiff was already given an opportunity to file an amended complaint, and he cured none of the deficiencies in his initial complaint. It is clear to the Court that another opportunity to amend is futile; Plaintiff improperly seeks to contravene settled law to void and enjoin state court judgments and proceedings in a federal district court. The Court **DENIES** the motions for leave to file a second amended complaint and for an extension of time to file

that complaint. [Doc. Nos. 27, 28.] The Court **DENIES AS MOOT** the motion for leave to file a sur-reply. [Doc. Nos. 21, 27.]

### D.  Motion for Sanctions

Plaintiff seeks to sanction Defendant Sanchez for "frivolous Objection to Judicial Notice, misapplying law and attaching incomplete minutes. Seeking Safe harbor. Seek fees, strike Objection." [Doc. No. 35 at 3.] Plaintiff's motion is frivolous and immaterial. Defendant Sanchez has not engaged in any bad faith or improper conduct. *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002) (holding that sanctions are available under the court's inherent authority "if the court specifically finds bad faith or conduct tantamount to bad faith"). The Court **DENIES** the motion to sanction.

### E.  Motion for Hearing

Plaintiff seeks to have a hearing on all pending motions in this case. [Doc. No. 39.] The Court has discretion to decide a motion without oral argument. *See* CivLR 7.1(d). With all other motions in the case decided, the Court **DENIES AS MOOT** the motion for a hearing.

## IV.  CONCLUSION

For the above reasons, the Court:

(1) **GRANTS WITH PREJUDICE** the motions to dismiss [Doc. Nos. 14, 17];

(2) **DENIES** the motions to strike, to file an amended complaint, for an extension to file an amended complaint, to file a sur-reply, to sanction, for preliminary injunction, and for a hearing [Doc. Nos. 20, 21, 27, 28, 29, 34, 35, and 39.]

The Clerk of Court is directed to close this case.

It is **SO ORDERED**.

Dated: November 17, 2025

Hon. Cathy Ann Bencivengo
United States District Judge