UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>                                    Plaintiff,<br><br>v.<br><br>FRANCISCO SANCHEZ, in his Individual and Official Capacity as Hearing Officer, Superior Court of California; EMILY BRAY, in her individual capacity,<br><br>                                    Defendants. | Case No.:  3:25-cv-1548-CAB-AHG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 49]** |

On November 17, 2025, the Court dismissed Plaintiff Marian Anthony's complaint with prejudice. [Doc. No. 47.]  The Court found Anthony's claims were conclusory and that he sought for this Court to improperly interfere with state court family law decisions and proceedings. [*Id.* at 2–5.]  Anthony now seeks reconsideration of the Court's decision pursuant to Fed. R. Civ. P. 59(e) and 60(b)(2).  [Doc. No. 49.]  Anthony argues reconsideration is warranted because the San Diego Superior Court has since released certified transcripts of June 4, 2025, and September 29, 2025 hearings, which allegedly show, *inter alia*, that Defendant Judge Sanchez and opposing counsel Defendant Bray conspired against Anthony. [*Id.* at 2.]  Anthony further argues that the fact that these

transcripts were released on the same day that this Court dismissed his case shows that there is "coordinated suppression of evidence . . . that directly proves the § 1983 and RICO conspiracy alleged in the complaint." [*Id.* at 3.]

"A motion for reconsideration may be brought under Federal Rules of Civil [P]rocedure 59(e) or 60(b)." *Wilson v. Segovia*, No. 19-CV-2254-TWR-MDD, 2020 WL 6685026, at *1 (S.D. Cal. Nov. 12, 2020). Rule 59(e) allows a court to amend a judgment where newly discovered evidence is presented, the court committed clear error, or there is an intervening change in controlling law. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) provides relief from a final judgment upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Under either standard, Anthony fails to carry his burden. He argues that the certified transcripts contain "the very evidence that would have defeated the motion to dismiss." [Doc. No. 49 at 5.] The transcripts, however, do not constitute newly discovered evidence given that Anthony was present at the hearing; the facts that form the basis of his claim were known to him at the time or could have been discovered through reasonable diligence. *See Baumann v. United States*, 692 F.2d 565, 580 (9th Cir. 1982). Moreover, the transcripts do not change the Court's previous findings that (1) Defendant Sanchez has absolute judicial immunity, (2) Anthony improperly seeks to void state court decisions and stay

3:25-cv-1548-CAB-AHG

court proceedings, and (3) Anthony fails to state a claim against Defendant Bray.[1]  [Doc. No. 47 at 3–5.]  Anthony also lists other bases for reconsideration, including fraud and extraordinary circumstances, yet he does not provide any reasoning as to why they apply. Thus, the Court finds Anthony fails to carry his burden of demonstrating that reconsideration is proper.  The Court **DENIES** the motion for reconsideration.

Anthony also seeks leave to file a second amended complaint.  The Court previously dismissed his first amended complaint *with prejudice*, [Doc. No. 47 at 6], which means he cannot bring this action in federal court again.  *See Adams v. Cal. Dep't of Corr.*, No. 221-CV-06903-JAK-SHK, 2023 WL 3549719, at *10 (C.D. Cal. Feb. 24, 2023) ("Dismissal 'with prejudice' means that Plaintiff will not be able to bring this action in federal court again[.]").  The Court **DENIES** Anthony's request for leave.

The Court of Clerk is instructed to **STRIKE** any additional filings by Anthony.

It is **SO ORDERED**.

Dated:  February 5, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The Court also notes that Anthony does not explain how, or where exactly, the transcripts show what he claims.  He merely filed 196 pages of exhibits, presumably for the Court to sift through and make sense of.  [Doc. No. 5.]

3:25-cv-1548-CAB-AHG